UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **TOMAS SANCHEZ and TRENT BARKER,** for themselves and on behalf of those similarly situated, | **CASE NO.:** |
| Plaintiff, | |
| vs. | |
| **STRENGTH20 LLC.,** a Florida Limited Liability Company, and **ROMMEL A. ARIZA,** Individually, | |
| Defendants. _____ / | |

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs, TOMAS SANCHEZ, ("Sanchez"), and TRENT BARKER, ("Barker") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendants, STRENGTH20 LLC, a Florida Limited Liability Company ("STRENGTH20"), and ROMMEL A. ARIZA, Individually ("Ariza"), ("collectively "Defendants"), and in support thereof state as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq.,

1

hereinafter called the "FLSA," to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' breach of contract and unjust enrichment claims pursuant to 28 U.S.C. §1367(a) because Plaintiffs' breach of contract and unjust enrichment claim form a part of the same case or controversy and arise out of a common nucleus of operative facts as their overtime and minimum wage claims.

4. Venue is proper in this Court because Plaintiffs reside within the District, Defendants maintain business operations within the District, and Plaintiffs' claims accrued in this District.

## **PARTIES**

5. At all times material hereto, Sanchez was, and continues to be, a resident of Lee County, Florida.

6. At all times material hereto, Barker was, and continues to be, a resident of Collier County, Florida.

7. At all times material hereto, STRENGTH20 was a Florida Limited Liability Company with its principal office in Polk County, Florida. Further, at all times material hereto, STRENGTH20 regularly conducted

business in Lee County, Florida.

8. Based on information and belief, at all times material hereto, Ariza was, and continues to be, a resident of Osceola County, Florida.

9. Based on information and belief, at all times material hereto, Ariza managed and operated STRENGTH20.

10. At all times material hereto, Ariza regularly held and exercised the authority to: (a) hire and fire employees of STRENGTH20; (b) determine the work schedules for the employees of STRENGTH20; and (c) control the finances and operations of STRENGTH20.

11. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of STRENGTH20; (b) determine the work schedules for the employees of STRENGTH20; and (c) control the finances and operations of STRENGTH20, ARIZA is an employer as defined by 29 U.S.C. 201 *et. seq*.

12. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material to this action, STRENGTH20 was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

3

15. Based upon information and belief, the annual gross revenue of STRENGTH20 was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material to this action, STRENGTH20 had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as uniforms, computers, telephones, pens, paper, and other tools used in furtherance of its business which, upon information and belief, were manufactured outside of the state of Florida.

17. At all times material hereto, the work performed by Plaintiffs was directly essential to Defendants' business.

18. This action is intended to include each and every hourly paid security guard hired by Defendants between October 2022 and November 2022 to guard homes, stores, and other structures affected by Hurricane Ian.

## FACTUAL ALLEGATIONS

19. In October 2022, Defendants agreed to hire Plaintiffs to work as a non-exempt hourly paid security guard. Plaintiffs worked in this position through November 2022.

20. Defendants promised Sanchez and Barker a rate of $65.00 per hour.

21. Based on Defendants' promises, Plaintiffs agreed to perform work for Defendants.

4

22. In October and November 2022, Defendants required Plaintiffs to work nearly twelve (12) hour days, between five (5) to seven (7) days per week.

23. Defendants used Plaintiffs and other security guards hired after Hurricane Ian to protect homes, stores, and other structures from theft, destruction, and vandalism.

24. Plaintiffs were required to drive to assigned locations during their continuous workday and as part of their employment. This resulted in driving hundreds of miles each workweek.

25. Defendants required Plaintiffs to use their personal vehicles as company vehicles, and incur expenses on Defendants' behalf.

26. Plaintiffs' vehicles were thus used as tools of the trade.

27. Between October 2022, and November 2022, in one or more workweeks, Defendants failed to compensate Sanchez *at all* for the hours that he worked.

28. Between October 2022, and November 2022, Defendants compensated Barker for 102.46 hours, despite the fact that he worked 384 hours.

29. Barker was not paid any overtime premiums for hours over forty in a workweek, despite the fact that he worked such hours.

30. For several weeks of his employment, Barker was not paid *at all*.

31. Defendants' practice of failing to compensate their employees for all hours applies equally to all security guards who were hired and worked for Defendants in October and November 2022 to provide security in the wake of Hurricane Ian (hereafter "similarly situated employees").

32. Plaintiffs worked hours over forty in most or all workweeks while working for Defendants.

33. Defendants did not pay Plaintiffs any overtime premiums for hours over forty in a workweek.

34. Defendants' failure to pay Plaintiffs for all hours worked also resulted in Plaintiffs receiving less than the minimum wage for part (Barker) or all (Sanchez) of their employment.

35. Plaintiffs and those similarly situated sought their unpaid wages from Defendants for months, but Defendants have refused to make payment of such wages owed.

36. Specifically, Plaintiffs and sixteen (16) of their co-workers have been retained by Morgan & Morgan, P.A. to assist them in recovering their unpaid wages.

37. Each of these similarly situated workers sent demand letters to Defendants, detailing their damages.

38. Defendants retained counsel, but have provided no substantive response to the demand letters.

39. Defendants instead indicated through counsel that they are awaiting payment from another entity before making payments to Plaintiffs and those similarly situated.

40. Due to Defendants' practices, Plaintiffs and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks in October and November 2022.

41. Plaintiffs and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

42. Plaintiffs and those similarly situated were/are entitled to at least the Florida minimum wage pursuant to 29 C.F.R. §778.5.

43. Defendants have violated Titled 29 U.S.C. §206 from at least October 2022, and continuing through November 2022, in that:

   a. Defendants failed to Plaintiffs and those similarly situated at least minimum wage for all hours worked in violation of the FLSA;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs and those similarly situated at the appropriate minimum wage for each hour worked; and

   c. Defendants' failure to reimburse Plaintiffs and those similarly situated for vehicle expenses incurred as tools of the trade constitutes an unlawful kickback and interfered with Plaintiffs and those similarly situated rights to receive their minimum wage "free and clear."

44. Defendants also maintained unlawful practices pursuant to which they failed to pay security guards proper overtime premiums for hours over forty (40).

45. Plaintiffs and those similarly situated were regularly assigned to work twelve (12) hour days, between five (5) to seven (7) days per week.

46. Defendants did not compensate Plaintiffs or those similarly situated at one and one-half times their agreed regular rates of pay for their overtime hours.

47. In fact, Defendants paid no overtime premiums to Plaintiffs and those similarly situated <u>at</u> <u>all</u>.

48. Due to the practices described above, from at least October 2022, through November 2022, Defendants failed to compensate Plaintiffs and those similarly situated at a rate of one and one-half their agreed regular rates of pay for all hours worked in excess of forty (40) hours in a single workweek.

49. Plaintiffs and those similarly situated who worked for Defendants between October 2022 and November 2022, should be compensated at the rate of one and one-half times their regular rates of pay for those hours that they worked in excess of forty (40) hours in a workweek.

50. Defendants have violated Title 29 U.S.C. §207 from at least October 2022, and continuing through November 2022, in that:

   a. Plaintiffs and those similarly situated worked in excess of

8

        forty (40) hours per workweek during their employment with Defendants;

b.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiffs and those similarly situated at the statutory rate of one and one-half times their agreed regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

c.    Defendants' failure to reimburse Plaintiffs and those similarly situated for vehicle expenses incurred as tools of the trade constitutes an unlawful kickback and interfered with Plaintiffs and those similarly situated rights to receive their overtime compensation "free and clear."

51.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiffs and those similarly situated, as Defendants knew or with reasonable diligence should have known that Plaintiffs other security guards should be paid at least the minimum wage for all hours worked; and that these employees were not exempt and are entitled to be paid for all of their overtime hours at an overtime rate.

52.    Defendants refused and/or failed to properly disclose or apprise Plaintiffs and those similarly situated of their rights under the FLSA.

53.    Plaintiffs and those similarly situated to Plaintiffs performed work for Defendants based on Defendants' promise of payment.

54.    Defendants benefitted from the work of Plaintiffs and those

similarly situated.

55.     Defendants did not pay Plaintiffs as promised.

56.     It would be unjust to permit Defendants to retain the value and benefit of Plaintiffs and those similarly situated to Plaintiffs' work without compensating them for same.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiffs and the putative collective members performed the same or similar job duties as one another in that, at Defendants' request and as a function of their employment, they secured homes, stores, and other structures destroyed by Hurricane Ian in Florida.

58.     Plaintiffs and putative collective members were subjected to the same pay provisions in that they were all subject to Defendants' practice of not paying at all for one or more workweeks, and, even in weeks which were paid, not paying overtime for hours over forty in a workweek, as required by the FLSA, such they were deprived of proper minimum wages and overtime premiums owed under the law.

59.     Defendants made a uniform decision, applicable to Plaintiffs and those similarly situated, not to pay overtime premiums, and not to pay any wages at all for several workweeks, pending receipts of funds from another source.

60. Defendants' uniform method of non-payment to Plaintiffs and the putative collective members resulted in violation of the FLSA's overtime and minimum wage provisions.

61. These policies and practices were equally applicable to Plaintiffs and the putative collective members.

62. Accordingly, the putative collective members are properly defined as:

> **All security guards who worked for Defendants in Florida between October 2022 and November 2022 to provide security services in the aftermath of Hurricane Ian.**

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 - MINIMUM WAGE COMPENSATION

63. Plaintiffs re-allege and reavers paragraphs 1 through 52 and 57 through 62 of the Complaint, as if fully set forth herein.

64. Defendants' practice of failing to pay Plaintiffs and those similarly situated at the required minimum wage rate violates the FLSA 29 U.S.C. § 206.

65. Plaintiffs and those similarly situated were entitled to be paid minimum wage for each hour they worked from October 2022, through November 2022.

66. Plaintiffs and those similarly situated have demanded proper compensation for their work for Defendants, but Defendants have failed to compensate them for same.

67. As a result of Defendants' actions in this regard, Plaintiffs and those similarly situated have not been paid at least the minimum wage for each hour worked during their employment with Defendants.

68. Sanchez and many in the putative collective have not been paid <u>at all</u> for their work for Defendants.

69. Barker and others in the putative collective have not been paid at all for several workweeks of their employment.

70. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiffs and those similarly situated, but still failed to pay Plaintiffs and those similarly situated at least minimum wages.

71. Defendants willfully failed to pay Plaintiffs and those similarly situated lawful minimum wages for one or more weeks of work contrary to 29 U.S.C. § 206.

72. As a direct and proximate result of Defendants' deliberate underpayment or nonpayment of wages, Plaintiffs and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

73. As a result of these common policies, Plaintiffs and those similarly situated are entitled to receive: (1) The full statutory minimum wage; and (2) Liquidated Damages.

74. Plaintiffs and those similarly situated are entitled to an award of reasonable attorneys' fees and costs 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

75. Plaintiffs re-allege and reavers paragraphs 1 through 52 and 57 through 62 of the Complaint, as if fully set forth herein.

76. From at least October 2022, and continuing through November 2022, Plaintiffs and those similarly situated worked hours in excess of forty (40) hours for which Plaintiffs and those similarly situated were not compensated at the statutory rate of one and one-half times their agreed regular rates of pay.

77. Plaintiffs and those similarly situated were, and are entitled to be paid at the statutory rate of one and one-half their agreed regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

78. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and those similarly situated at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of

forty (40) hours per workweek when they knew, or reasonably should have known, such was, and is due.

79. From at least October 2022, and continuing through November 2022, Plaintiffs and those similarly to Plaintiffs were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiffs proper overtime wages at one and one-half their regular rates of pay for such hours, pursuant to practices which were equally applicable to all and those similarly situated.

80. Due to Defendants' unlawful acts, Plaintiffs have suffered and continue to suffer damages and lost compensation for hours worked over forty (40) hours in one or more workweeks, as well as liquidated damages.

81. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## BREACH OF CONTRACT
### Against Strength20
**(To the extent damages exceed those claimed under the FLSA)**

82. Plaintiffs re-allege and reavers paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

83. Strength20 agreed to pay Plaintiffs and any putative collective member who opts into this action an hourly rate for their work as security guards.

84. Plaintiffs and any putative collective member agreed to these

terms and conditions of employment.

85. Plaintiffs and any putative collective member performed work for Strength20 pursuant to this agreement to be compensated for the work performed.

86. Strength20 failed to pay Plaintiffs and any putative collective member who opts into this action promised wages for each hour worked between October 2022 and November 2022.

87. Strength20's failure to pay Plaintiffs and any putative collective member who joins this action the promised hourly rate for each hour of work constitutes a material breach of the Parties' agreements.

88. Plaintiffs and any putative collective member who opts into this action were damaged by Strength20's breach, in that they have not been paid the owed compensation for their labor.

89. Plaintiffs and any putative collective member who opts into this action seek to recover their damages as a result of the breach.

90. The amounts owed are wages within the meaning of the Fla. Stat. §448.08.

91. Plaintiffs and any putative collective member who opts into this action are entitled to recover their reasonable attorneys' fees and costs pursuant to Fla Stat. §448.08.

92. Plaintiffs and any putative collective member who opts into this action seek recovery of their promised hourly rates; to the extent such amount

exceeds any amounts awarded pursuant to Counts I and II.

93. Plaintiffs and any putative collective member who opts into this action also seek pre and post judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief as determined by the court.

94. Plaintiffs and the individuals they represent do not seek "double recovery" of their wages, and bring this claim only to the extent necessary to recover any damages which exceed those the court finds to be recoverable under the FLSA.

## COUNT IV
## UNJUST ENRICHMENT
### Against Strength20
### (in the alternative)

95. Plaintiffs re-allege and reavers paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

96. Plaintiffs and any putative collective member who opts into this action conferred benefits on Strength20 when they performed work for Defendants' business, with the expectation that they would be compensated for same.

97. Plaintiffs and any putative collective member would not have performed work for Strength20 had it not indicated they would be paid for their work.

98. Strength20 was aware of the expectations of Plaintiffs and any putative collective member who opts into this action, and accepted the benefit

16

of Plaintiffs and the putative collective members' work, without compensating them for same.

99. Strength20 has retained the value and benefit of the work performed by Plaintiffs and any putative collective member who opts into this action.

100. It would be unjust to allow Strength20 to retain the benefit of the revenue and other reputational and other gains generated by the work of Plaintiffs and any putative collective member who opts into this action, where Strength20 is and was aware of the expectations of Plaintiffs and their fellow security guards to be paid, without making payment for same.

101. Plaintiffs' and those any putative collective member's unjust enrichment claims seek to recover amounts that should have been paid by Strength20 to Plaintiffs, and any putative collective member who opts into this action, as wages.

102. As such, the amounts Plaintiffs and any putative collective member who opts into this action seek to have reimbursed also constitute wages under Fl. Stat. §448.08.

103. Plaintiffs and any putative collective member who opts into this action seek the recovery of the wages Strength20 promised for their work; pre and post judgment interest; reasonable attorneys' fees and costs; and any other relief deemed proper by the court.

104. Plaintiffs and the individuals they represent do not seek "double

recovery" of their wages, and bring this claim only to the extent necessary to recover any damages which exceed those the court finds to be recoverable under the FLSA.

WHEREFORE, Plaintiffs, for themselves and on behalf of any putative collective members, requests an Order granting conditional certification pursuant to Section 216(b) of the FLSA, of a collective of the security guards who worked for Defendants between October 2022 and November 2022 in Florida in the aftermath of Hurricane Ian; an Order permitting Notice to all potential putative collective members; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages, as well as any applicable pre and post-judgment interest; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 22nd day of August, 2023.

/s/ Angeli Murthy
Angeli Murthy, Esq., B.C.S.
Florida Bar No. 88758
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Attorney for Plaintiffs*